UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


MICHAEL W. QUALLS                                                                                 PLAINTIFF

v.                                          Civil No.4:14-CV-04087

MRS. HARRIS; and
WARDEN BRAZELL                                                                                  DEFENDANTS

## OPINION

Plaintiff Michael Qualls proceeds in this matter pro se and in forma pauperis. Currently before the Court is Plaintiff's failure to obey a Court order and failure to prosecute. Also before the Court is Defendants' Motion for Summary Judgment. (Doc. 20).

### I.   BACKGROUND

Plaintiff filed his complaint on July 11, 2014. (Doc. 1). On September 2, 2015, the Court entered an initial scheduling order setting a summary judgment hearing for February 1, 2016. (Doc. 16). On December 14, 2015, Defendants filed a motion for summary judgment and a brief in support. (Docs. 20, 21).

On January 13, 2016, the Court entered an order directing Plaintiff to mail in any documents he intended to use as exhibits no later than January 25, 2016 for the summary judgment hearing scheduled for February 1, 2016. (Doc. 23). Plaintiff was further advised that his failure to inform the Court he intended to appear at the hearing would result in the cancellation of the hearing and subject the case to dismissal. (Doc. 23). Plaintiff did not respond to the Court's order and the hearing on Defendants' motion for summary judgment was cancelled. Plaintiff has not communicated with the Court since he notified the Court of his change of address on April 15, 2015. (Doc. 13).

1

## II.     LEGAL STANDARD

While pro se pleadings are to be construed liberally, a pro se litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (holding the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily."  *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

2

## III. DISCUSSION

Plaintiff failed to comply with a Court order directing him to inform the Court if he intended to attend the hearing on Defendant's motion for summary judgment. In addition, Plaintiff has not communicated with the Court since April 15, 2015. These omissions must be presumed to be intentional. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's complaint could be dismissed with prejudice. However, the Court will dismiss Plaintiff's complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's order, and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 1st day of June, 2016.

*/s/ P. K. Holmes, III*
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE